ALFRED E. BADGLEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 36955, 38562, 41399. Promulgated January 6, 1931.

*John E. Hughes, Esq.*, and *William Cogger, Esq.*, for the petitioner.
*W. F. Gibbs, Esq.*, for the respondent.

OPINION.

Van Fossan: The issue raised by these proceedings is whether the respondent was justified in rejecting the returns for the years in controversy, which purported to show net income computed according to the cash receipts and disbursements method of accounting, and recomputing net income according to the completed-contract method as prescribed by subparagraph (b) of article 36, Regulations 62, 65, and 69. As an alternative issue the petitioner charges the respondent with error in including in income for 1926 the net gains from four certain projects which were completed in 1925.

The petitioner contends that his books of account were kept according to the cash receipts and disbursements method of accounting; that net income is clearly reflected by that method; that the net income reported in each of the returns was correctly computed according to the cash receipts and disbursements method; and, consequently, that the respondent is wrong in rejecting the returns and recomputing net income according to the completed-contract method. Failing in these respects, the petitioner contends that the completed-contract method of computing net income, as prescribed by the regulations, is not authorized by law, and that, because of certain deficiencies in the accounting records, it is impossible to determine the net income according to any accounting method authorized by law other than the cash receipts and disbursements method.

The respondent contends that the petitioner regularly employed the completed-contract method in keeping his books of account; that such method clearly reflects the petitioner's net income; and that, consequently, the petitioner is barred from using any other method of computing net income for the purposes of the income tax.

The statutes which are controlling in the decision of the issue here raised are the Revenue Acts of 1921, 1924, and 1926. Section

212 (b), the provisions of which are identical in all three acts, requires that net income be computed in accordance with the method of accounting regularly employed in keeping the books of the taxpayer. No particular accounting method is prescribed by the statute; on the contrary, it is left to each taxpayer to adopt such forms and systems of accounting as are in its own judgment best suited to its purposes, provided the method meet the statutory requirement—that it clearly reflect income. This petitioner adopted a method of accounting which it appears he has consistently followed over a period of years. If the method adopted clearly reflects his income, the petitioner was bound to compute his net income, for the purposes of the tax, according to the same method.

The petitioner contends that his books were kept according to the cash receipts and disbursements method, but this is not supported by the evidence. In the course of our study of this case we have made a careful examination of petitioner's books, submitted in evidence, and we have found numerous instances of the accrual of items of expense and income in the primary accounts. The cost of materials purchased for a project was entered in the purchase ledger and from there posted to the project account without regard to the time of petitioner's payment for the materials. Compensation due petitioner under contracts has been credited to project accounts, without regard to the time of receipt, before the project accounts were closed out into the "income account." The petitioner's own expert witness, a certified public accountant, testified that the books were kept on a hybrid basis, partly cash receipts and disbursements and partly accruals; but his testimony would have more fairly represented the situation had he stated, or added, that with few unimportant exceptions, the primary accounts were kept on an accrual basis.

It is entirely clear from the books, however, that the petitioner's accounting practice was formulated with the objective of postponing an accounting of the gain or loss on each project until the project had been completed. We have not found in the "income account" or the profit and loss account a single entry intended to record a gain or loss on any project prior to completion. Considering the objective of the petitioner's accounting practice, the method of keeping the primary accounts was not important. They could be kept on either a cash receipts and disbursements basis, or on an accrual basis, or on a hybrid basis, without creating any impediment in attaining the objective, since the entries in those accounts were used to ascertain gains and losses on the projects to which they related only when the projects had been completed. It did not matter whether costs were recorded in the primary accounts when

paid or when incurred, or income recorded when received or when due, provided that there was a complete and accurate accounting for all costs and income pertaining to each project at some time before the project accounts were closed into "income account." The method of accounting is not determinable alone from the practice followed in recording financial items in the primary accounts, but is reflected rather by the system in which these primary entries were carried forward to ascertain periodical gains and losses. When, as here, the specific project accounts have been withheld from profit and loss until the completion of the project, and this in disregard of any intervening annual period, it can not be said that the petitioner's accounting method is the cash receipts and disbursements method.

The petitioner's returns were not prepared in accordance with the method of accounting regularly employed in keeping his books; nor does the method of accounting used in computing the net income in the returns clearly reflect the petitioner's net income. On his books, gains and losses have been recognized and accounted for only when the projects were completed. In each return the petitioner has computed gains and losses on projects completed in a prior or subsequent year. In computing net income in each return, the petitioner has deducted, as expenses, all cash expenditures, other than for additional construction equipment, made during the year, and has included in income all cash received during the year as compensation from contracts. As a result of this method of computing net income, the return for 1923 reflects net losses on certain projects, amounting to $80,844.65, while the return for 1924 reflects net gains on the same projects, amounting to $67,530.38; and the return for 1924 reflects net losses on certain projects, amounting to $22,007.66, while the return for 1926 reflects net gains on the same projects, amounting to $7,603.98. Obviously, any method of accounting, by whatever name one chooses to identify it, that is capable of and does produce results such as this is not a proper method of computing net income for the purposes of the tax. Net income is not clearly reflected by reporting losses of $80,000 in one year and gains of $67,000 in the next, all in respect of the same projects. Each project has a definite result, either a gain or a loss, which is not determinable until the project is completed. *Washington Land Co.*, 10 B. T. A. 503. Since the method of accounting used in computing net income in the returns was not the same as was regularly employed in keeping the petitioner's books and does not clearly reflect income, its use for computing net income for the purposes of the tax is clearly prohibited by statute.

The respondent has computed net income for each of the years in controversy according to the completed-contract method, which was the method regularly employed in keeping the petitioner's books of account. The petitioner contends that its net income can not be correctly determined by this method because certain essential accounting facts are not disclosed by the books. A certified public accountant, called as a witness by the petitioner, testified that certain types of equipment, such as concrete mixers, hoisting machinery and other depreciable items, are necessary in any construction business; that such equipment is put to greater use on some jobs than on others; that the depreciation burden should be allocated to the several projects with due regard for the use of the equipment on each project; and, since no record was kept of the use of equipment on each project, a fair distribution of the overhead burden to the several projects is impossible; hence, income can not be correctly determined on the completed-contract basis. Accountants, generally, agree that the depreciation burden should be apportioned to the several projects and treated as a part of the cost thereof, though there appears to be no common ground upon which they can meet as to the basis of the apportionment. Some would apportion it in the manner indicated by the witness; others would apportion it upon the basis of labor cost. Had the petitioner incorporated such a practice in its accounting system, the net gain on each project carried to income account would have been less, but there would not have been any occasion for a lump-sum charge against profit and loss for depreciation. He did not elect to follow that course, however, but chose instead to make a lump-sum deduction for depreciation and that has been allowed by the respondent. How great or small a change would result in net income, were it possible now to determine the depreciation cost of the several projects completed in each year and allow that cost in place of the deduction for depreciation claimed and allowed, can not be determined from the record, but we are satisfied that in all probability the change would be almost negligible. It is impossible, under the circumstances, to conclude that the net income would be different from what the respondent determined it to be had the depreciation been treated in the manner indicated by the witness; but even though that conclusion were possible, we would hesitate to say, on the record here, that there was anything fundamentally wrong with the petitioner's accounting practice as it relates to the matter of depreciation, considering the circumstances that the same practice has been consistently followed from year to year.

Another reason suggested by the accountant for the inability to correctly determine net income according to the completed-contract method, is the failure of the bookkeeper to close the project accounts into " income account " at any fixed time, sometimes the project

accounts being kept open until two or three years after the projects were completed. Four instances of the bookkeeper's failure to close the project accounts into " income account " until a year later than the one in which the projects were completed have been identified by the witnesses; but our examination of the books does not disclose another single instance of failure to close the project account into " income account " within the year of completion of the project. If there were any other instances of like failure on the part of the bookkeeper, there appears to be no reason why they could not have been as readily identified as the four to which we have referred. The failure to close the project accounts into " income account " at the proper time upon completion of the contract raises no bar to the correct determination of income on the completed-contract basis. When it appears that such a failure has resulted in throwing income into the wrong year the matter can be readily adjusted upon a proper showing of the facts.

Still another reason suggested by the accountant for the inability to correctly determine net income on the completed-contract basis is the petitioner's failure to inventory materials and supplies on hand at the end of such year, which the accountant deems essential to the determination of the " cost of goods sold." The answer to that is that there is no proof that the petitioner had any materials and supplies on hand at the close of the years in controversy which had not been purchased for particular projects and charged against project accounts. Such materials are in the same category as " goods on hand or in process of manufacture for delivery under firm sales contracts * * * at fixed prices," which, under article 1584 of Regulations 62 and article 1614 of Regulations 65 and 69, are to be inventoried at cost; and the materials having been charged to the project accounts at cost, the same accounting end has been served as though they had been charged to an inventory account instead.

Finally, it is contended by the petitioner that the completed-contract method of computing net income, as prescribed by article 36 of Regulations 62, 65, and 69 is not authorized by statute and is, therefore, invalid. The same contention was made in *James C. Ellis et al.*, 16 B. T. A. 1225, in which case the Board held that " the regulation in question is designed to reflect income from long-term contracts, and we are unable to perceive that it is inconsistent with or is not authorized by law." We see no good reason to change our views in the instant case. See also *In re Harrington*, 1 Fed. (2d) 749.

It is our opinion that the petitioner's books of account were kept according to the completed-contract method of accounting, and that his net income is clearly reflected by that method. It was mandatory upon the petitioner, under the applicable statutes, to compute his net income for the purposes of the tax according to the same

method. Hence, the respondent proceeded in accordance with the law in recomputing net income according to that method.

On the alternative issue, the petitioner is clearly entitled to prevail, though not in the whole amount claimed. The evidence is clear and unmistakable that the projects described as "Jermyn Bank," "Mayfield State Bank," "St. Johns Church," and "D. L. & W. Tower" were completed in 1925. Under the petitioner's method of accounting the profits from these projects constituted income for 1925; and, since such profits have been included by the respondent in income for 1926, the net income of that year, as shown by the deficiency notice, should be reduced by the sum of $31,774.64.

*Judgment will be entered under Rule 50.*